**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2808-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

STERLING C. SPENCE, a/k/a
STERLING SPENCE JR.,

    Defendant-Appellant.

_____

Submitted December 10, 2025 – Decided January 14, 2026

Before Judges Gummer and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 16-07-1715.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel, on the brief).

William E. Reynolds, Atlantic County Prosecutor, attorney for respondent (Linda A. Shashoua, Attorney, Special Litigation Unit, of counsel and on the brief; Courtney Cittadini, Section Chief, on the brief).

PER CURIAM

Defendant Sterling Spence appeals from a February 27, 2024 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Applying pertinent legal principles to the record and the issues raised by defendant on appeal, we affirm for substantially the same reasons set forth in the PCR judge's well-reasoned written opinion.

I.

We previously detailed the underlying facts of defendant's conviction in deciding defendant's direct appeal in State v. Spence (Spence I), No. A-3652-18 (App. Div. Dec. 23, 2020) (slip op. at 2-7). We recount only those salient facts necessary for our disposition of this appeal.

On December 21, 2015, Devonte Molley was shot and killed while attempting to thwart a robbery of the hotel room from which he and another individual were selling heroin. When Molley confronted defendant with a firearm, defendant attempted to wrestle away the weapon, which discharged and killed Molley.

Defendant, along with co-defendants Maurice Burgess and Taquan Jenkins, was indicted for various crimes including robbery and felony murder in connection with Molley's death. At the conclusion of trial, the jury found defendant guilty of first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); second-

degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1); and second-degree certain person not to have a weapon because of a prior conviction, N.J.S.A. 2C:39-7(b)(1). We affirmed defendant's convictions and sentence on direct appeal. The Supreme Court denied defendant's petition for certification. State v. Spence, 247 N.J. 395 (2021).

In August 2022, defendant, representing himself, filed a PCR petition alleging ineffective assistance of counsel (IAC) based on various alleged deficiencies in his trial counsel's performance. Defendant sought to have his convictions vacated or, in the alternative, requested an evidentiary hearing. Assigned counsel submitted a brief in support of the petition.

On February 27, 2024, the PCR judge entered an order and a comprehensive written decision denying defendant's PCR petition. The PCR judge found a portion of defendant's IAC claim was barred under Rule 3:22-5. After applying the Strickland/Fritz[1] framework to the remainder of the claims, the judge found defendant had failed to demonstrate counsel's performance was deficient or that defendant was prejudiced and, therefore, concluded he was not entitled to an evidentiary hearing.

---

[1] Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987).

A-2808-23

On appeal, defendant raises the following points for our consideration:

DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING WHERE HE ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL.

(A) TRIAL COUNSEL COMMITTED ERRORS WHEN POSING QUESTIONS TO THE MEDICAL EXAMINER, THE ANSWERS TO WHICH HE DID NOT KNOW, AND FAILED TO EFFECTIVELY ELICIT CRITICAL RESPONSES THAT WOULD HAVE SUPPORTED THE DEFENDANT'S CLAIM OF SELF-DEFENSE.

(B) TRIAL COUNSEL FAILED TO CROSS-EXAMINE TWO OF THE STATE'S KEY WITNESSES.

(C) TRIAL COUNSEL ERRED IN CROSS-EXAMINATION OF A STATE'S WITNESS AND INVITED TESTIMONY THAT DEFENDANT EXERCISED HIS RIGHT TO REMAIN SILENT.

(D) TRIAL COUNSEL FAILED TO REQUEST A JURY INSTRUCTION ON SELF-DEFENSE.

II.

In the absence of an evidentiary hearing, we review de novo both the factual inferences drawn from the record by the PCR judge and the judge's legal conclusions. State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020).

4

We "review a judge's decision to deny a PCR petition without a hearing for abuse of discretion." State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023).

On appeal, defendant raises the same arguments asserted before the PCR court and addressed in the judge's well-reasoned opinion. We affirm the order denying defendant's PCR petition substantially for the same reasons expressed by the PCR judge. We depart from the PCR judge's decision only insofar as it considered one of defendant's arguments—that trial counsel was ineffective for failing to request a jury instruction on self-defense—procedurally barred under Rule 3:22-5. We disagree that the claim was procedurally barred but conclude counsel's failure to request a self-defense charge did not fall below the objective standard of reasonableness necessary to establish a prima facie IAC claim under Strickland and Fritz.

The PCR judge's finding on that issue was tethered to Spence I where we determined the trial judge had not committed plain error by failing to provide a self-defense instruction sua sponte. The PCR judge reasoned that because we had adjudicated that "substantially equivalent" claim, defendant's request for PCR based on IAC in trial counsel's failure to pursue that affirmative defense was barred by Rule 3:22-5.

A-2808-23

A PCR claim is barred "if the issue raised is identical or substantially equivalent" to an issue adjudicated previously on direct appeal. State v. Afanador, 151 N.J. 41, 51 (1997) (italicization omitted) (quoting State v. McQuaid, 147 N.J. 464, 484 (1997)); see R. 3:22-5. Rule 3:22-5 provides "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule . . . or in any appeal taken from such proceedings." A PCR petition "is not a substitute for direct appeal; nor is it an opportunity to relitigate a case on the merits." State v. Szemple, 247 N.J. 82, 97 (2021).

In Spence I, we considered only whether the trial judge had committed plain error by not giving a self-defense instruction sua sponte. That analysis required us to assess whether the trial record revealed a "rational basis" for charging the defense. See State v. Galicia, 210 N.J. 364, 384-85 (2012); N.J.S.A. 2C:3-4(a). The inquiry here is whether trial counsel's performance satisfies the Strickland/Fritz standard, which requires counsel's representation to be "reasonably competent," Fritz, 105 N.J. at 58, based on an "objective standard of reasonableness." Strickland, 466 U.S. at 688. Though related, these issues are less than "identical or substantially equivalent." Afanador, 151 N.J.

at 51. Thus, defendant is not barred by Rule 3:22-5 from raising this IAC claim in his PCR petition.

Turning to the merits of defendant's self-defense instruction claim, the PCR judge also found defendant had not demonstrated IAC. We analyze that IAC claim under the Strickland/Fritz standard. To establish a prima facie case of IAC under this two-pronged standard a defendant must show: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment"; and (2) "the deficient performance prejudiced the defense." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). Failure to meet either prong of the Strickland/Fritz test results in the denial of a PCR petition. State v. Parker, 212 N.J. 269, 280 (2012).

Counsel is only obliged to request instructions that are substantiated by the trial evidence. See State v. Berisha, 458 N.J. Super. 105, 118 (App. Div. 2019) (considering trial counsel ineffective for failing to request a jury instruction when "evidence clearly warranted an instruction to the jury on self-defense"). Instruction on self-defense is warranted where the evidence permits a jury to find that a defendant "reasonably believe[d] that such force [was] immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person." N.J.S.A. 2C:3-4. "A person acts

purposely with respect to the nature of his conduct or a result thereof if it is his conscious object to engage in conduct of that nature or to cause such a result." N.J.S.A. 2C:2-2(b)(1); see State v. Fowler, 239 N.J. 171, 184-86 (2019) (analyzing both N.J.S.A. 2C:3-4 and N.J.S.A. 2C:2-2(b)(1)).

Here, as we stated in Spence I, slip op. at 37, defendant testified he never possessed the gun but that "it went off" as defendant "tried to turn the gun away from him." Thus, "[a]lthough [defendant] testified that he feared for his life, it does not appear that he intended to fire the handgun for the purpose of protecting himself as required by the self-defense statute." Ibid. Because defendant testified that he had not intentionally discharged the firearm, he did not proffer that he used force "for the purpose of protecting himself," with a conscious objective to engage in the conduct or cause the result. See N.J.S.A. 2C:2-2(b)(1). Accordingly, we cannot conclude trial counsel's failure to request the self-defense jury instruction fell short of the objectively reasonable standard of competence. For the same reason, defendant has not shown that counsel's failure to request a self-defense instruction prejudiced him—in light of defendant's own testimony, the likelihood that the instruction would have been given, even if requested, is remote.

A-2808-23

In sum, notwithstanding our slight departure from the PCR judge's reasoning, we decline to disturb the judge's finding that defendant failed to demonstrate a prima facie showing of IAC and, therefore, conclude his request for an evidentiary hearing and his PCR petition were properly denied.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

9                                                                    A-2808-23